### ALLEN v. SNYDER, *Appellant.*

**Temporary Judge**: JURISDICTION.  A judge from another circuit who was temporarily present for the purpose of and was engaged in the trial of a particular case, in another cause which was pending before the regular judge, and in which the jury had retired to make their verdict, on their return into court and in the absence of the defendant and his counsel, verbally instructed them as to the form of their verdict, received the same, which was for plaintiff, and discharged them.  *Held*, that he had no jurisdiction in the cause, and the judgment should be reversed.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, Judge.

REVERSED.

*B. R. Vineyard* and *Ramey & Brown* for appellant.

The first count of plaintiff's petition, is a declaration upon a special contract; there is no claim or pretense of a right of recovery upon a *quantum meruit*, and the trial court erred in its refusal of defendant's seventh instruction, which sought to confine the case to the contract alleged in the petition.  *Eyerman v. Mt. S. C. Ass'n*, 61 Mo. 491; *Clements v. Yeates*, 69 Mo. 625.  The plaintiff could not sue upon one cause of action and recover upon another.  *Ensworth v. Barton*, 60 Mo. 511; *Harris v. Railroad Co.*, 37 Mo. 307; *Stix v. Mathews*, 75 Mo. 96.  Judge Kelley erred in giving verbal instructions to the jury.  Even had he been the judge who tried the cause this would still have been error.  R. S. § 3655; *Hogel v. Lindell*, 10 Mo. 487; *Townsend v. Chapin*, 8 Blackf. 328; *Kenworthy v. Williams*, 5 Ind. 375; *Laselle v. Wells*, 17 Ind. 33; *Shafer v. Stinson*, 76 Ind. 375; *Stratton v. Paul*, 10 Iowa 139; *Wilson v. Town of Granby*, 47 Conn. 59; *City Bank v. Kent*, 57 Ga. 285; *Dixon v. State*, 13 Fld. 636.  And it makes no difference if the verbal instructions were favorable to the appellant, it is still error.  *Widner v. State*, 28 Ind. 394; *Riley v. Watson*,

18 Ind. 294. And even though the verbal instructions were simply explanatory of those written, and not inconsistent therewith. *Tyner v. Adams*, 34 Ind. 401; *The Toledo, Etc., R. R. Co., v. Daniels*, 21 Ind. 256; *Laselle v. Wells*, 17 Ind. 33. And even though the verbal instructions contained correct principles of law. *Hardin v. Helton*, 50 Ind. 319. Any verbal addition to the written instructions is likewise error. *Bosworth v. Barker*, 65 Ind. 595; *City Bank v. Kent*, 57 Ga. 285. And any explanation or addition verbally to the written instructions after the jury have been sent out and returned to the court room, will be ground for reversal of the cause. *O. & M. R'y Co. v. Rowland*, 51 Ind. 285. Judge Kelley, being temporarily on the bench, ought not to have manifested such concern for the rights of the plaintiff in his dealing with the jury. His conduct was in the highest degree improper, and presents just ground for a reversal. *State v. Alexander*, 66 Mo. 163, 164; *Norton v. Dorsey*, 65 Mo. 376; *Redmon v. Gulnac*, 5 Cal. 148; *Campbell v. Beckett*, 8 Ohio St. 210; *Davis v. Fish*, 1 G. Greene (Iowa) 406. Judge Kelley not only refused to receive the first verdict in the form it was presented—not only received the second verdict, but actually rendered the judgment thereon. The rendition of a judgment is judicial action.

*Vories & Hill* for respondent.

HENRY, J.—This suit was instituted in the circuit court of Buchanan county by plaintiff, on a contract by which he undertook to repair and rebuild for defendant a dwelling house which had been injured by fire, having the privilege of using in the work such portions of the old house remaining, as could be safely and properly used, and was to receive $1,575 for the new materials, and the work and labor. $750 of the contract price was paid, and this suit is to recover the balance, and enforce a mechanic's lien. There are two other counts in the petition which it is un-

necessary particularly to notice, both relating to other work done, under a different contract from that set out in the first count.

The answer alleges that plaintiff did not perfom the work mentioned in the first count according to the contract, in this to-wit: He did not erect said building in the manner he agreed to do. He did not remove the remains of the burned building as he agreed to do. He did not erect the new building of the dimensions he agreed to do; nor did he erect the octagon windows as he agreed to do; nor did the plaintiff furnish materials for the erection of said building and the performance of said work of the best quality, but on the contrary thereof, the materials furnished by him were of a very inferior quality. That he did not furnish joists for the first floor of the building above the cellar, but used therefor old joists which had been in the burned building, and which being too short to reach to the walls of the building, were spiked to other pieces of timber so as to reach from wall to wall. The porches were not erected and built by plaintiff in the manner he agreed to build and erect them, and those built by him were built of inferior and unsuitable material, and of sizes, dimensions and shapes different from those he agreed to build, and which are inferior in appearance and of much less value than those agreed to be built. That plaintiff wrongfully and fraudulently built said house and porches and performed said work in a very unskillful and unworkman-like manner, and out of very inferior and unsuitable material, and to an extent which renders said building unsafe as a dwelling house, and which is unfit and unsuitable to for the purpose intended. That said plaintiff wrongfully and unskillfully placed partitions within said building on the floors thereof and off the foundation walls and without any sufficient support whereby said floors were overloaded and the safety of the building endangered and its usefulness greatly impaired.

Defendant further states that shortly after plaintiff

commenced said work, and before defendant had any notice of the fraudulent acts of plaintiff above complained of, defendant paid plaintiff $750 on account of said work performed and materials furnished, which he avers is more than said work and materials are worth.

Defendant further avers that by reason of the wrongful and fraudulent acts of plaintiff as aforesaid, and in the improper, unskillful and dangerous manner in which said building and porches were erected, and of the inferior materials used in such erections, defendant has sustained damages in the sum of $500, for which he asks judgment, and for all proper relief.

After retiring to consider of their verdict, the jury returned a verdict in favor of plaintiff for a gross sum, instead of a separate finding on each count.

Hon. W. H. Sherman, judge of the circuit court of Buchanan county, presided at the trial of the cause, but, when the jury returned with their verdict, Hon. H. S. Kelly, judge of an adjoining circuit, was, for a reason provided by statute, temporarily presiding at the trial, or in proceedings in another cause, and verbally instructed the jury that if they found for plaintiff on all of the counts, they should say in their verdict the amount found on each count, or, if on less than all, they should state in their verdict on which, and the amount. The paper containing the verdict was then returned to the foreman by said judge with directions to repair to their room for further deliberation, and they soon returned with a verdict for plaintiff on each of said counts. All this occurred in the absence of defendant and his counsel. We are not prepared to say that, if Judge Sherman had verbally instructed the jury, after their return into court with an informal verdict, that they should find on each count separately, it would have been reversible error; but waiving that question, Judge Kelly had no jurisdiction to receive the verdict and discharge the jury. So far as this cause was concerned he was not sitting or authorized to sit as a judge, and had no

control over the jury, and, on this point, the case stands precisely as if any other person, not a judge of any circuit, had taken the bench in the absence of Judge Sherman, and done what Judge Kelly did.

For this error the judgment must be reversed, and the cause remanded, and as there must be a retrial of the cause, it will save the labor of examining and passing upon several difficult questions which are presented by this record, if plaintiff will amend his petition by adding a *quantum meruit* count, for the work and labor, etc., sued for, in the first count of his petition. All concur.