Gale, Adm'r of Maupin, v. Michie.

D. R. GALE, ADMINISTRATOR OF THE ESTATE OF JAMES B. MAUPIN, DECEASED, Defendant in Error, v. JOHN B. MICHIE, Plaintiff in Error.

1. *Practice, civil — Writ of error will lie to action of court on motion.* — When the overruling of a motion is a final and complete disposition of the subject-matter of a cause, the action of the court may be reviewed without a final judgment. Writ of error will lie to the action of the court on a motion without a final judgment.

2. *Practice, civil — Trial, judge of neighboring court may preside at, when, under section 17, article IV, of the State constitution.* — The judge of a Circuit Court may procure another judge to hold a particular term of court, giving up to him the whole business of the term; but he is not authorized, in order to prevent a change of venue in a particular cause, or for any other reason, to call in a neighboring judge to try that cause. And if he does call him in, although he try it never so fairly, it is a trial without authority of law, and his decision has no binding force.

3. *Practice, civil — Trial — Venue, change of, matter of right.* — It is the duty of an interested judge, on motion, without application from either party, to award a change of venue, especially when those who present it insist on the change.

*Error to First District Court.*

*Lay & Belch*, for plaintiff in error.

*Ewing & Smith*, for defendant in error, cited 38 Mo. 501; 8 Mo. 609; 34 Mo. 204; 33 Mo. 117.

BLISS, Judge, delivered the opinion of the court.

It appears that the plaintiff had recovered judgment against defendants in the Gasconade Circuit Court, upon which judgment execution was issued, and the defendants presented their motion to quash the execution, upon the ground that the judgment was void, as having been rendered without jurisdiction over the persons of defendants and in their absence. The plaintiff was the judge of said Circuit Court, and when the motion came up for hearing he called upon Hon. T. M. Rice, judge of the First Circuit, to preside and hear the motion, to which the defendants objected, upon the ground that the judge of the court was present in good health, and none of the reasons existed that would authorize him to call upon the judge of the First Circuit to pre-

side, and they also demanded a change of venue to some other circuit. But the objections were overruled, the change of venue was refused, and Judge Rice took his seat to hear the motion. Afterward, defendants presented a formal motion in writing, verified by affidavit, for a change of venue, upon the ground that the judge of the Gasconade Circuit Court was interested as a party, which motion was overruled, and thereupon the original motion to quash was taken up, heard by Judge Rice, and overruled, the entry showing that "the Hon. T. M. Rice, judge of the First Judicial Circuit, was called to the bench in this cause, at the request of the Hon. Daniel Q. Gale, judge as aforesaid, and the matters and things contained in said motion being seen and fully considered by the court are overruled, to which defendants then and there objected and excepted."

Defendants sued out a writ of error to the action of the court upon this motion, and the plaintiff objects to its consideration for the reason that there was no final judgment. It is difficult to understand what is meant by this objection. Ordinarily, a motion, pending the trial of a cause, is a part of the proceedings, and its disposition will not be reviewed until final judgment in the pending cause. But in this case no further judgment is to be had; the principal cause had been already disposed of; the overruling of the motion is a final and complete disposition of its subject-matter, and if the objection has any application it must be to the allowance of a writ to the action of the court upon such a motion. But that question is not an open one, this court having uniformly sustained such writs. (Bain v. Chrisman, 27 Mo. 293; Parker v. Waugh, 34 Mo. 340; Bruce v. Vogel, 38 Mo. 100; Parker v. Hann. & St. Jo. R.R. Co., 44 Mo. 415.)

The question then arises whether the judge of the Gasconade Circuit Court, being himself interested in the cause, had a right to call upon a judge of a neighboring circuit, who was present, to sit and determine said cause. If he had such right he must have obtained it from the constitution or the statute, for it will not be pretended that considerations of convenience, or of fairness merely, will control the jurisdiction of a court or point out the judge who is entitled to hold it. Reliance, doubtless, was had

upon section 17 of article VI of the constitution, which reads as follows: "If there be a vacancy in the office of judge of any circuit, or if he be sick, absent, or from any cause unable to hold any term of court of any county of his circuit, such term of court may be held by a judge of any other circuit; and at the request of the judge of any circuit any term of court in his circuit may be held by the judge of any other circuit." In this case both the judges evidently construed the authority given a judge of another circuit to hold one of the terms of the Gasconade Circuit Court, at the request of its judge, as also giving authority to sit in a particular cause at his request, the term being held by himself. But no such authority is contained in the section, either directly or by implication. The judge of a circuit may procure another judge to hold a particular term of court, giving up to him the whole business of the term; but he is not authorized, in order to prevent a change of venue in a particular cause, or for any other reason, to call in a neighboring judge to try that cause. And if he does so call him in, though he try it never so fairly, it is a trial without authority of law, and his decision has no binding force.

It was the duty of the court, when the motion was presented, "without any application from either party," to award a change of venue, and especially when those who presented it insisted upon the change. (Wagn. Stat., ch. 158, §§ 1–5, pp. 1355–6.) It was a legal right of which the defendants could not be thus deprived, and the order of the Circuit Court upon the motion should have been reversed by the District Court. Its judgment, dismissing the writ of error, is reversed, and all the proceedings of the Circuit Court after the presentation of the motion are set aside and the cause remanded, with directions to grant the change of venue according to the statute. The other judges concur.