## THE STATE ex rel. LENTZ v. FORT, Judge.

### In Banc, December 23, 1903.

1. **Disbarment:** JURISDICTION OF CIRCUIT COURT: CAUSES: AFFIDAVIT. All circuit courts in this State have inherent power to cause disbarment proceedings to be instituted against any member of the bar, for professional misconduct, of their own motion, and may designate any member of the bar of the county or of any adjoining county in the circuit, or the prosecuting attorney of the county, to prosecute the same. Nor is it necessary to the institution of such proceedings that the facts of the charges made be within the actual knowledge of the judge who directs such proceedings to be filed, nor that they be supported by the affidavit of any one.

2. ———: AFFIDAVIT: PROHIBITION. Even if it were necessary that the charges in a disbarment proceeding be supported by affidavit, the omission of the affidavit would not authorize a writ of prohibition against the circuit judge from proceeding in the case, for the reason that the writ can not be used to correct errors in trials of which the court has jurisdiction.

3. **Prohibition:** JURISDICTION OF APPEAL. Whether the Supreme Court will or will not have jurisdiction over an appeal from the judgment of the circuit court, does not affect its authority to issue a writ of prohibition to restrain the trial court from proceeding in a case over which it never had, or has lost, jurisdiction.

4. **Change of Venue:** SETTING ASIDE ORDER. A court has no authority at a subsequent term to set aside an order granting a change of venue previously entered, which it had authority to grant.

5. ———: DISBARMENT PROCEEDING: PROHIBITION. The defendant in a disbarment proceeding is entitled to a change of venue where the circuit judge is so biased or interested in the proceeding that he can not give defendant a fair and impartial trial. And where the judge has of his own motion entered an order disqualifying himself and granting a change of venue on that ground, he can not subsequently set it aside on the ground that defendant was not entitled to the change on that ground, and if he does set it aside, the Supreme Court will, by its writ of prohibition, prohibit him from further hearing and determining the disbarment proceeding. Nor does the fact that defendant, after the order granting the change, filed an application for a change of venue, at all affect the court's jurisdiction of the case, for the order setting aside the previous order was void, and from the time it was made the judge who made it had no jurisdiction to hear the case.

## Prohibition.

RULE MADE ABSOLUTE.

*E. R. Lentz* for relator.

*Jas. L. Fort* for respondent.

ROBINSON, C. J.—This is a proceeding by prohibition to prevent respondent, as judge of the circuit court of Butler county, from taking further action in and about the disbarment of relator; which proceeding to disbar relator, the respondent judge had caused to be instituted in the Butler Circuit Court.

Relator's first contention against the right of respondent taking further action in the disbarment proceeding against him, is based upon the proposition that as no affidavit of the existence of any fact contained in said charges against him was ever filed with respondent, or in the court of which he is the judge, and that as it is not claimed that respondent judge had actual knowledge of the existence of said facts charged, or any of them, his order, made at the opening of the February term, 1901, of said Butler Circuit Court, directing that L. R. Thomasson, a member of the bar of an adjoining county, file and prosecute charges against relator, were wholly without authority; and further, because respondent had no right to proceed with the hearing of the charges as filed by said Thomasson, until they, had been duly verified by said Thomasson, or some one, as required by law.

For his second contention, relator says that if respondent, as judge of the Butler Circuit Court, ever had jurisdiction to hear and consider the disbarment proceedings begun against him in said court, that jurisdiction and authority was lost by an order of February 13, 1901, which respondent, as judge of said Butler Circuit Court, made and caused to be entered upon the records of said court, in which said order is recited respondent's disqualification to sit at the hearing of said

proceeding, and that Judge James Fox of the Twenty-seventh Judicial Circuit is called in to hear and try said cause in his place and stead.

And as relator's final protest against the right of respondent to further proceed with the hearing of the charges against him in the Butler Circuit Court, he says, that after respondent had caused the order of February 13th, aforesaid, to be set aside at the subsequent June term of said court, and was threatening to proceed with the hearing of said disbarment proceeding, relator then prepared and filed an application in due form in said court, praying that he be granted a change of venue in said cause, on account of the interest of the respondent judge in the result of said proceeding, and on account of respondent's bias and prejudice against relator, and also because L. R. Thomasson, who had filed and was prosecuting the proceeding against him, has an undue influence over the mind of respondent, and that said application was denied and overruled.

On part of respondent, the following contentions are made: first, that as this court has no appellate jurisdiction in disbarment proceedings it is powerless through the writ of prohibition to review his action in the proceeding against relator in the Butler Circuit Court, or to direct or to stay the course of his conduct therein; and, second, that since under the statute, the defendant in a disbarment proceeding is not entitled to a change of venue, the order made by respondent as judge of the Butler Circuit Court on February 13th, disqualifying himself and calling in Judge Fox to preside at the trial of relator, was void, and being void, it is a matter of no concern that it was not set aside until after the adjournment of said February term of court; and further, respondent says, that the application filed by relator in his own behalf, that a change of venue be awarded to him, was denied, because under the statutes of this State, a change of venue is not allowable in a disbarment proceeding.

To the relator's challenge of the authority of the respondent, as judge of the Butler Circuit Court, in proceeding with the hearing of the disbarment against him, for the reason set out in his first contention, all that need be said at this time is, that all courts of general jurisdiction in this State, possessed of the authority to admit to the bar of its own motion, a member of the profession, have the inherent power to cause to be instituted proceedings against that member, or any member of its bar, and to that end may designate any member of the same bar or of any adjoining bar in the same circuit, or the prosecuting attorney of the county, for any professional misconduct, such as merits and deserves such a course of procedure, and it is not essential to the court's authority, under such proceedings, that the facts of the charges made be within the actual knowledge of the judge of the court who may have directed that such proceedings be filed, or that the same be supported by the affidavit of any one, and further, that prohibition would not lie to stay the action of the court in such a proceeding, merely because of the absence of an affidavit supporting the charges made, even though the court might consider that the usual and better practice in disbarment proceedings is to require that the charges against the delinquent be supported by the affidavit of some one.

So, to the challenge made by respondent of the authority of this court to issue its writ of prohibition herein, because, as he asserts, that having no appellate jurisdiction in disbarment proceedings, the court, therefore, is powerless through said writ to review his action as judge of the Butler Circuit Court, in the disbarment proceedings against relator, or to direct or stay the course of his conduct in such proceeding, it will be sufficient to say, this writ has not for its purpose the consideration or correction of any errors that may have been committed by respondent as judge of the Butler Circuit Court during the progress of the disbarment

proceeding against relator in that court. Confessedly, such matters would come under the exclusive jurisdiction of the St. Louis Court of Appeals, if the proceeding should ever, on appeal, be taken from relator's court for review. But without regard to the appellate jurisdiction of this court, in any particular case, we have the amplest authority through and by aid of the writ of prohibition, to keep all courts of the State (whether from their orders, judgments or decrees, in any cause, appeals are or are not allowable to this or any other court), within the proper limit of their authority, or to prevent their continued assertion of authority over any cause or proceeding after its jurisdiction and authority therein has been lost or transferred to some other court, body or tribunal, by an order, by appeal or otherwise.

Under this writ, the inquiry is, not whether respondent as judge of the circuit court of Butler county committed error against the right of relator in the conduct of the disbarment proceedings. That must be determined on appeal, and not in prohibition. The inquiry here is, did any action taken by respondent in the disbarment proceeding, operate to defeat his further right to proceed with the trial of said cause, as he now asserts his right to do? The action of the respondent in the matter of the disbarment proceedings are only to be considered here, in so far and to the extent only as it may be necessary to determine its effect upon his present attitude to that cause.

This, then, brings us to the consideration of the question that must control our action in this proceeding, to-wit: the effect of the disqualifying order made by respondent judge at the February term, 1901, of the Butler Circuit Court, and the calling in of Judge Fox to hear and try the proceeding for him. If that order was void, and not within the court's authority to make, at the time it was made (as respondent states in his return filed herein, and re-asserts in his brief), then

there will be no occasion to consider the question of
the effect or the want of effect of the subsequent order
made at the following June term of said court, revoking
and setting aside said first order of February 13th.
If the order of February 13th was (using the language
of respondent's return), *"without jurisdiction and
void,"* there existed no necessity for setting it aside, to
authorize respondent to proceed with the hearing of the
disbarment proceeding against relator.

If, upon the other hand, the order made by re-
spondent at the February term, 1901, wherein he dis-
qualified himself and called in Judge Fox to try the
disbarment proceeding against relator, was within the
court's authority and power to make, then the question
of the effect to be given to the after-order made at the
subsequent June term of court, must be met and an-
swered, as it is now, with this brief observation, that
after a term of court has passed, it is beyond the power
of the court at any subsequent term to set aside its
prior order made, and as applied to the situation in the
disbarment proceedings against relator in the Butler
Circuit Court, it should be said, that whatever authority
respondent lost by the order of February 13th to sit at
the hearing of the disbarment proceeding against re-
lator, was in nowise restored to him by reason of the
revocation of said order at the subsequent June term
of court. The order of February 13th must be con-
sidered as if the subsequent order revoking it had
never been made.

Was, then, the disqualifying order of February
13, 1901, which respondent caused to be entered upon
the records of the Butler Circuit Court, within the au-
thority and power of the court to make? If so, then
respondent should be prohibited from further proceed-
ing with the hearing of the disbarment proceeding
against relator, and this, too, without considering the
effect of the application for a change of venue, which
relator afterwards filed, when respondent, at the June

term of court, set aside the former disqualifying order of February 13th and threatened to proceed with the hearing of the proceeding against relator.

It is to be noted here that in respondent's answer it is not claimed that the order of February 13th was ignored, or was subsequently revoked because of the fact that the occasion for the making of said order, reciting the judge's disqualification to sit in the cause no longer existed, or that the judge who had been called in to try the cause in his place and stead could not be obtained, or had no authority to sit in the cause, or anything of that nature; but the sole and only claim for respondent's reassertion of authority over the cause, and for revoking and setting aside his order of February 13th, is that said order was void because of the want of authority in the court to make it in the first instance. This position assumed by respondent is predicated, as before said, solely upon the proposition that it is not permissible under our statutes, to allow to a defendant in a disbarment proceeding a change of venue, and that as the effect of the order of February 13th would accomplish that end if carried out, it was a void order, and hence could be ignored whenever respondent realized his attitude erroneously assumed in the cause.

If now we may agree that the rule as announced in In re Bowman, 7 Mo. App. 567, upon which respondent so much relies, is yet correct, that an attorney against whom disbarment proceedings is pending, is not of right entitled upon his own motion to a change of venue, and this because he is not among those directly or impliedly named or designated in our change of venue act (a rule, however, which this court has taken occasion to disapprove, by dictum at least, in the very recent case of State ex rel. Scott v. Smith, 176 Mo. 90), this further fact must be borne in mind, that the judge of the Butler Circuit Court had, independent of the provisions of article 11, of chapter 8, Revised Statutes 1899, in which is prescribed to whom, and in what cases

a change of venue may be granted, the right, whenever his interest in the result of a matter pending in his court is disclosed, or whenever his relationship to, or prejudice against, a party to that inquiry is such that a fair or impartial hearing can not be had, to disqualify himself from further acting in said cause, and to call in another judge, just as respondent did, by the order of February 13th entered upon the records of the Butler Circuit Court, and the judge so called in is possessed of all the power and authority, in that case, as the regular judge had before the disqualifying order was made, and this, not only upon statutory grounds, but upon the most obvious principles of natural justice, that no one should be required or permitted to sit in judgment in any cause, where untrammeled justice is the promise to all, who is biased or prejudiced against a party thereto, or when for any reason he is disqualified to act in the cause.

By section 1678, Revised Statutes 1899, it is provided that whenever the judge of any circuit shall be sick, absent or *for any cause* be unable to hold any term, or part of term of court in his circuit, he may request the judge of another circuit to hold it for him, and that such judge called in shall possess all the powers of the regular judge of the circuit, and this is followed by section 1679, wherein it is further provided, that whenever the judge *for any cause* shall be unable to hold any term or part of term of court, and shall fail to procure another judge to hold said term or part of term, *or if the judge is interested or related* to, or shall have been of counsel for, either party, or when the judge, if in attendance, *for any reason can not properly proceed in any cause or causes pending in such court,* a member of the bar may be chosen or elected for the occasion who will possess all the authority and power of the regular judge in such cause or causes to be heard and determined.

Under the sweeping and comprehensive language

of these plain statutory provisions, there ought to be no doubt of the power and authority of respondent, as judge of the Butler Circuit Court, to have made and caused to be entered upon the records of his court, the order of February 13th, if doubt of the court's inherent power and authority to have so acted without such statutory enactments could be entertained under a form of government and with a code of law that guarantees to all a fair and impartial trial before an unbiased judge.

What more specific directions, and at the same time, more comprehensive authority for respondent's action in making the disqualifying order of February 13th could be asked or desired? And how those unqualified powers of the judge, found in the statutes under a chapter defining the jurisdiction and authority of courts, can be said to be limited or abridged by the provisions of another chapter of our statutes which has for its purpose the designation of the persons to whom, and the circumstances under which, a change of venue may be asked and taken as a matter of right to the applicant, we can not conceive. The mere absence, in the change of venue act, of a right in a defendant in a disbarment proceeding, to obtain upon his own application, a change of venue from a judge, or from the court wherein the proceeding is pending (if such right is denied him in said act), can not in any way operate as a limitation upon the general power and authority given to the judge under sections 1678 and 1679, supra, in all cases pending in the court over which he presides, to disqualify himself, *when for any reason he can not properly preside in said cause.* The two provisions of the statutes are wholly independent one of the other. To determine the rights of a party to a suit who seeks to avoid a trial before a prejudiced judge, or a judge who the party may think is prejudiced against him, we look alone to the provisions of the change of venue act. To determine the powers and duties of the court or the judge thereof, in that suit,

when the judge recognizes his own disqualification or inability to try aright the cause before him, or to sit at its hearing, for any reason, we look to the more comprehensive provisions of sections 1678 and 1679.

What the defendant sought in the disbarment proceeding upon his own application may properly and of necessity have been denied to him, on account of the peculiar language of the provisions of the change of venue statutes upon which his application was based (if the reasoning in the Bowman case is correct), and yet at the same time the judge who denied the change of venue sought on defendant's application (because no warrant for the act was found in the statute invoked by the applicant), may, with the next stroke of his pen, acting under a duty imposed upon him by another provision of the law made for the assistance and protection of the courts, rather than in the interest of the litigant, do in effect, of his own motion, what the court had refused to the applicant on his motion, change the venue of the cause, by disqualifying himself upon the record, and call in another judge to sit at the hearing of said cause.

The question of the right of a party litigant before the court is one thing; the question of the court's power and authority in that case is quite another.

The circuit court of Butler county, when it made the order of February 13, 1901, reciting the disqualification of the judge thereof, to sit in the hearing of the disbarment proceeding against relator, was a court of general jurisdiction, and as such had plenary power and authority to award changes of venue in all cases whatsoever, when for any reason the judge of said court could not properly proceed with the hearing of any cause or causes pending therein, and this too, independent of the consideration of the right which the party or parties being proceeded against in that court might or might not have to ask and obtain a change of venue on complying with the provisions of our change

of venue act, and when, in the exercise of that jurisdiction, the court made the order of February 13th, calling in Judge Fox of the Twenty-seventh Judicial Circuit to try the cause, respondent's authority to proceed with the hearing of said cause was lost, except in so far as it might become necessary for him, as judge of the Butler Circuit Court, wherein the cause is still pending, to make such order in and about the proceeding as may be required to have it properly disposed of in that court.

From what is here said, it follows that the preliminary rule in prohibition should be made absolute, and it is so ordered. *Brace, Marshall, Burgess, Gantt* and *Valliant, JJ.,* concur; *Fox, J.,* not sitting.