THE STATE EX REL. VINA DUNLAP and MAGGIE DUNLAP V. PAUL D. HIGBEE, Judge of First Judicial Circuit.—43 S. W. (2d) 825.

Court en Banc, November 17, 1931.

*Randall Wilson* and *Garland Wilson* for relators.

*John Powell, E. M. Harber* and *Woodruff & Woodruff* for respondent.

GANTT, J.—Original proceeding in prohibition. Cause submitted on the pleadings. Relators challenge the authority of Hon. Paul D. Higbee, Judge of the First Judicial Circuit, to preside at the trial of Fleming v. Dunlap et al., in the Circuit Court of Mercer County in the Third Judicial Circuit.

Hon. A. G. Knight, Judge of the Circuit Court of Mercer County, had been of counsel or otherwise disqualified in a number of cases pending in that court at the April term, 1929. At said term and on July 1, 1929, he made an order disqualifying himself in Mudgett v. Alley, Administrator, and called Judge Higbee to hold a part of the September term, 1929, of the Circuit Court, Mercer County, commencing on the first day of said term, and preside as judge on the trial of said cases. In response, Judge Higbee appeared in said court on said day. At that time and before he proceeded to try the cases, relators, defendants in the case of Fleming v. Dunlap et al. (one of the cases in which Judge Knight was disqualified), presented to the court, Judge Knight presiding, an application for a change of venue, therein alleging that Judge Knight had been of counsel in said case and praying for a transfer to another circuit. Judge Knight refused to consider the application and called Higbee to the bench, who proceeded to call the cases for trial, among them the case of Fleming v. Dunlap et al. When the Fleming case was called, plaintiff did not answer and it was passed. After attention to other matters, Judge Higbee, without again calling the Fleming case or in any way undertaking to proceed with a trial of said case, vacated the bench in favor of Judge Knight, who proceeded with business of the court.

Thereafter during the September term, 1929, and on November 1, Judge Knight entered another order in said case in which he reviewed the order of July 1; then entered of record Judge Higbee's doubt of his authority to try the Fleming case because it was not mentioned in the order of July 1; then entered of record his (Judge Knight's) disqualification to try said case; then entered of record a call to Judge Higbee to try said case; then overruled relators' application for a change of venue and set the case for trial November 28, 1929. Thereafter during the September term, 1929, and on November 28, Judge Higbee appeared in the Circuit Court of Mercer County as judge of said court and entered of record in the Fleming case the following:

"This cause having been set for trial for Thursday, November 28, 1929, and Hon. A. G. Knight, Judge of the Circuit Court of Mercer County, having disqualified himself to sit as judge in the case and having called the undersigned in to try said cause, and it being impossible for the undersigned to try said cause on said date, it is hereby ordered that this cause be continued until the December term, 1929, of this court and this cause is ordered docketed for trial on Monday, December 16, 1929.

"PAUL D. HIGBEE,
"Judge of the First Judicial
Circuit and Special Judge
in said cause."

His further efforts in the cause were prohibited by our rule in prohibition.

The record in this proceeding does not present a question of jurisdiction. It is a question of error. [In re Drainage District v. Richardson, 227 Mo. 252, l. c. 261, 126 S. W. 1021.] However, the writ having been issued, we will determine the question in this proceeding.

I. The parties did not consent that Judge Knight preside, or agree on a special judge, or request the election of a special judge.

In this situation relators contend that Judge Knight having been of counsel could only transfer the case to another circuit. They cite as sustaining the contention Section 908, Revised Statutes 1929, which follows:

"If the judge is interested or related to either party, or shall have been of counsel in the cause, the court or judge shall award such change of venue without any application from either party, unless all the parties in the cause consent that such judge may sit on the trial thereof, or a special judge for the trial thereof be agreed upon by the parties, or elected in the manner provided by law."

It is also provided in Section 911, Revised Statutes 1929, that on reasonable notice, a change of venue shall be awarded to a county where the causes complained of do not exist; provided, that where the application is founded on the interest, prejudice or other objections to the judge or judges, a change of venue shall not be awarded to another county if the parties shall thereupon agree on a special judge, or, if both parties request the election of a special judge to be held under Sections 1943, 1945 and 1946, Revised Statutes 1929.

Thus it appears that a disqualified judge in a civil case is not authorized by the change-of-venue statute to call another judge to try the case. He must, under said statute, transfer the case to another circuit, unless the parties consent that he may preside, or agree on a special judge, or request the election of a special judge.

But respondent contends that Section 29, Article VI, Constitution, authorizes a disqualified judge to call another judge to try a case in which he is disqualified. In other words, that a regular judge being disqualified may, under the change of venue statute, transfer the case to another circuit, or, under Section 29, Article VI, Constitution, call another judge to try the case.

The answer to those contentions must be found in the interpretation to be given to said section of the Constitution, which follows:

"If there be a vacancy in the office of judge of any circuit, or if the judge be sick, absent, or from any cause unable to hold any term or part of term of court, in any county in his circuit, such term or part of term of court may be held by a judge of any other circuit; and at the request of the judge of any circuit, any term of court or part of term in his circuit may be held by the judge of any other circuit, and in all such cases, or in any case where the judge cannot preside, the General Assembly shall make such additional provision for holding court as may be found necessary."

That part of the section authorizing circuit judges to hold court in other circuits under the circumstances mentioned, if requested to do so by the regular judge, is self-enforcing. Obviously, said part discloses only an intention to make provision for a judge to hold a term or part of a term and dispose of such business as may be for disposition during said term or part of term. There may be only one case or many cases on the docket for disposition during said term or part of term. That part of the section in no way undertakes to provide for the trial of a particular case or cases.

But respondent argues that a judge is unable to hold that part of the term occupied on the trial of a case in which he is disqualified. We do not think so. Of course, he could not try a case in which he was disqualified, except by agreement of the parties; but disqualification in a particular case does not render him unable to hold said part of the term and dispose of other business, if any, pending on the docket. Indeed, he was holding the court when the respondent appeared in answer to the call. He vacated the bench in favor of respondent, and when respondent vacated the bench, he took charge as the regular judge and proceeded with the business of the court. By that part of the section it was only intended to provide a substitute for the regular judge to prevent a failure of the term or part of term of court.

We ruled the question in Gale, Administrator of Maupin, v. Michie, 47 Mo. 326. At that time it was provided in Section 17, Article VI, Constitution of 1865, that if the judge be sick, absent, or from any cause unable to *hold a term of court*, he was authorized to call another judge. We held this provision did not authorize a disqualified judge to call a judge to try a particular case. There

is nothing in the opinion to indicate we would have ruled otherwise if the section had expressly provided for calling a judge to hold a part of term. We then ruled that a provision for holding court did not authorize a disqualified judge to call a judge to try a particular case. However, in ruling the question, the learned judge stated that "the judge of a circuit may procure another judge to hold a term of court, giving up to him the whole business of the term." If this is ruling that a judge could not under this provision of the Constitution call another judge to hold part of a term, we do not agree to the statement. Authority to call a judge to hold a term authorizes a call to hold part of a term. The Constitution of 1875 provided for a call to hold part of a term, thereby expressly providing against the failure of a part of a term as well as failure of a term. It may also be stated that a judge called to hold a term or part of a term is not required to dispose of "the whole business of the term," or part of term. The regular judge, being able and present, may take charge of the court when no business is in the course of disposition.

In State v. Shea, 95 Mo. 85, 8 S. W. 409, we had under consideration the provision of the Constitution of 1865 providing for another judge to hold a term of court, and the provision of the Constitution of 1875 providing for another judge to hold a term or part of term of court. In that case the defendant on November 7, 1882, escaped from jail while his motion for a new trial was under submission. On November 18, 1882, the motion was overruled. On July 20, 1887, defendant was brought to court for sentence. The regular judge, having been of counsel, called the judge of another circuit to sentence the defendant. We held he was not authorized to do so. As sustaining this ruling, we cited Gale, Administrator, v. Michie, supra, and set forth that part of the opinion in that case containing Section 17, Article VI, Constitution 1865. We also set forth Section 29, Article VI, Constitution 1875.

We also cited as sustaining the ruling, Lewis v. Curry, 74 Mo. 50, in which we held that a regular judge was not authorized to call another judge to take the acknowledgment of a sheriff's deed to which the regular judge was a party.

In the Shea case and the Lewis case it was not contended that the provisions of the constitutions of 1865 and 1875 providing against the failure of a term or part of term authorized the calling of another judge to preside in a particular case.

In Texas & Pacific Coal Co. v. Ready, 198 S. W. (Tex.) 1034, the regular judge announced that he was unwilling to preside at the trial for the reason that he would resign on September 1st following and accept employment as attorney for said company. He declined to preside under authority of a statute which authorized the practicing lawyers to elect a special judge when the regular

judge "shall be absent, or shall be *unable or unwilling to hold the court.*" The practicing lawyers elected a special judge, who tried the case. On appeal it was held that the special judge was without authority, and the judgment void. In ruling the question it was said.

"The record discloses that he was present at the court, remained in his office in the courthouse, transacting other business pertaining to his duties as district judge. The record simply shows that the regular judge for personal reasons was unwilling to try the pending cases against appellant, and, believing that he had a right to refuse to try them, did so refuse. How can it be said that a judge is unwilling to hold court when he is present at the court, present in his office in the court house, and there transacting business pertaining to the duties of his court? A judge so acting cannot be considered as unwilling to hold the court within the meaning and spirit of the statute."

For reasons above stated, we hold that a disqualified regular judge is not under Section 29, Article VI, of the Constitution authorized to call a judge of another circuit to try a particular case.

Respondent cites Field v. Mark, 125 Mo. 502, 28 S. W. 1004; State ex rel. v. Fort, 178 Mo. 518, 77 S. W. 741; Barnes v. McMullins, 78 Mo. 260; State v. Able, 65 Mo. 357; In re Drainage District v. Richardson, 227 Mo. 252, 126 S. W. 1021; State ex rel. v. Serum Co., 272 S. W. 99; State ex rel. v. Williams, 136 Mo. App. 330, 117 S. W. 618; State ex rel. v. Bacon, 107 Mo. 627, 18 S. W. 19.

In the Field case the plaintiff was the regular judge. The record disclosed an entry as follows:

"Now at this day the Honorable Richard Field, regular judge of this court being a party to this action, by agreement of parties, the Honorable Charles W. Sloan, Judge of the Seventh Judicial Circuit, is selected to try this cause."

Judge Sloan tried the case, and no objection was made by defendant until the motion in arrest. He then contended that the selection of Judge Sloan was unlawful for the reason that under the statutes an election of an attorney to try the case was essential. We held that the regular judge was unable to hold that part of the term occupied by the trial of the case in which he was disqualified, and for that reason the selection was lawful. In so holding we did not rule correctly. However, Judge Sloan was authorized to preside at the trial for two reasons: (1) the defendant made no objection; (2) Judge Sloan was not called as the judge of another circuit, but the parties agreed on him as a special judge, which was authorized by Section 2259, Revised Statutes 1889.

In the Fort case the respondent was the regular judge, and by order of record disqualified himself to preside in a proceeding to disbar the relator. He thereupon called another judge to try the

1074

case. Thereafter he concluded that the defendant in a disbarment proceeding was not entitled to a change of venue and set aside the order. He then proceeded to try the case when our rule in prohibition prevented further proceedings. We held that the order of disqualification was valid. In effect we further held the regular judge was unable to hold that part of the term occupied by the trial of the case, and for that reason the order calling in another judge was lawful. In so holding, we also did not rule correctly.

The other cases cited do not touch the question under consideration. It may be stated that in the Barnes case we had under consideration a section of the statute providing for the election of a temporary judge. We did not have under consideration any provision of the Constitution.

II. We next consider the other part of the section, which follows: "And in all such cases (sick, absent, or from any cause), or in any case (instance) where the judge cannot *preside,* the General Assembly shall make such additional provision for holding court as may be found necessary."

The General Assembly obeyed this mandate by providing that whenever the judge is unable to hold a term or part term and fails to procure another judge, a member of the bar may be elected to serve as judge. [Sec. 1943, R. S. 1929.]

The mandate was further obeyed, in case "the judge cannot *preside,*" by providing for a change of venue, or, in lieu thereof, the selection of a special judge by the parties, or the election of a special judge in the manner provided by law, by consent of the parties (Secs. 908, 1943 to 1950, R. S. 1929); and by authorizing a disqualified judge in a criminal case to call another judge (Sec. 3651, R. S. 1929).

It should be mentioned that a judge called to hold a term or part of term because of sickness or absence of the regular judge may be confronted with a case in which the regular judge is disqualified. Absent objection, he may try the case. On objection, a question would be presented which does not appear in this record for determination. The rulings and statements in Field v. Mark, 125 Mo. 502, 28 S. W. 1004; State ex rel. v. Fort, 178 Mo. 518, 77 S. W. 741, and other cases in conflict with the views herein are disapproved. Those cases are to that extent overruled. As stated, the law-makers have authorized a disqualified judge in a criminal case to call another judge. They have not done so in a civil case.

The provisional rule should be made absolute. It is so ordered.

PER CURIAM:—The foregoing opinion of GANTT, P. J., in Division One is hereby adopted as the opinion of Court en Banc. *At-*

*wood, C. J., White, Frank, Ellison* and *Henwood, JJ.,* concur; *White* and *Frank, JJ.,* in separate concurring opinions in which *Atwood, C. J., Gantt, Henwood* and *Ellison, JJ.,* concur; *Ragland, J.,* dissents.

FRANK, J. (concurring)—Prohibition. Honorable A. G. Knight, Judge of the Circuit Court of Mercer County, was disqualified in certain cases pending in that court. He attempted to call in Honorable Paul D. Higbee, Judge of the First Judicial Circuit to try the cases in which he was disqualified. Relators seek to prohibit Judge Higbee from assuming jurisdiction of and trying the case of Fleming v. Dunlap et al. This prohibition proceeding originated in Division One of this court. The division opinion inadvertently makes an inaccurate statement of the order calling in Judge Higbee. On account of this inaccurate statement of the order and on account of my construction of some cases relied upon by respondent, I have decided to express my views in a separate concurring opinion. Judge Knight's order calling in Judge Higbee was made at the April term, 1929, in the case of M. M. Mudgett v. W. D. Alley, Administrator of the estate of F. H. Mudgett, deceased. The order reads as follows:

"On this 1st day of July, 1929, the Hon. Judge of this court deeming himself to be disqualified to try this cause by having been counsel in a case in which similar issues are involved as in this cause hereby disqualified to act as Judge in this cause and therefore calls a Judge of another Circuit, namely, Paul D. Higbee, Judge of the 1st Judicial Circuit is called to be present and try said cause and other causes wherein this court is disqualified and this court being unable to hold a part of the September, 1929, term the aforesaid Judge Paul D. Higbee is therefore called to take charge of and preside as Judge for that part of said term."

While the closing part of this order recites that Judge Knight was unable to hold a part of the September (1929) Term, and therefore called Judge Higbee to preside as judge for that part of said term, no dates are given and the order does not designate what part of the September Term Judge Knight was unable to hold. Other parts of the order state the purposes for which Judge Higbee was called. It is recited that Judge Knight is disqualified in the case of Mudgett v. Alley and therefore calls Judge Higbee to be present and try that case and other cases in which Judge Knight is disqualified. Viewing the order as a whole it clearly appears that Judge Higbee was not called to hold a part of a term of court, but was called to try specific cases in which Judge Knight was disqualified.

Thereafter on September 9, 1929, and during the regular September Term of the Circuit Court of Mercer County, pursuant to Judge

Knight's call, Judge Higbee appeared in that court, took the bench and called the case of Fleming v. Dunlap et al., for trial. Plaintiff's counsel did not answer and no further proceedings were had at that time.

Thereafter on November 1, 1929, and during the regular September 1929 Term of said court, Judge Knight made an order in the case of Fleming v. Dunlap in which he reviewed the order he had theretofore made at the April Term in the case of Mudgett v. Alley, recited that Judge Higbee was doubtful as to his authority to try Fleming v. Dunlap under the former order, then entered his disqualifications in Fleming v. Dunlap and specifically called Judge Higbee to try that particular case and adjourned court to November 28, 1929. On November 28, 1929, pursuant to this latter call, Judge Higbee appeared in said court, made an order continuing said cause to the December Term, 1929, of said court, and ordered same docketed for trial on December 16, 1929. Further steps in the case were halted by our rule in prohibition.

As I read this record, the question presented is whether or not the judge of one circuit who is disqualified in a case pending in his court is authorized to call in the judge of another circuit to try that particular case. It is true that the first order made called Judge Higbee to try Mudgett v. Alley and other cases in which Judge Knight was disqualified, while the second order called him to try the specific case of Fleming v. Dunlap et al., but as I view it, the number of cases specified in the call cuts no figure. If a judge is not authorized to call in the judge of another circuit to try one specific case, it must follow that he would not be authorized to call such judge to try any number of specific cases. The character of the order calling the judge and not the number of cases involved is the thing which determines the question.

A proper construction of the pertinent provisions of the Constitution will determine the question.

Relative to the question under consideration, Section 17 of Article VI of the Constitution of 1865 contained the following provision:

"If there be a vacancy in the office of judge of any circuit, or if he be sick, absent, or from any cause unable to hold any term of court of any county in his circuit, such term of court may be held by the judge of any other circuit; at the request of the judge of any circuit any term of court in his circuit may be held by the judge of any other circuit."

The authority of one judge to call in another judge to try a particular case under this constitutional provision was before this court in Gale v. Michie, 47 Mo. 326. In that case the judge of the Gasconade Circuit Court was personally interested in a cause pending in his court. He called in the judge of a neighboring circuit to try

that particular cause. In determining the propriety of such action, we said:

"In this case both the judges evidently construed the authority given a judge of another circuit to hold one of the terms of the Gasconade Circuit Court, at the request of its judge, as also giving authority to sit in a particular cause at his request, the term being held by himself. But no such authority is contained in the section, either directly or by implication. The judge of a circuit may procure another judge to hold a particular term of court, giving up to him the whole business of the term; but he is not authorized, in order to prevent a change of venue in a particular cause, or for any other reason, to call in a neighboring judge to try that cause."

After the decision in Gale v. Michie the Constitutional Convention of 1875 amended the section of the Constitution to which we have called attention, and the Constitution as amended now provides that the judge of one circuit may call in the judge of another circuit to hold a term or a part of a term of court. [Sec. 29, Art. VI.] The effect of respondent's contention is that the amendment providing that one judge may call in the judge of another circuit to hold *part of a term* of court authorizes the calling in of the judge of another circuit to try a particular case, on the theory that the time consumed in the trial of that particular case would necessarily be a part of the term. This contention is not justified by the amendment. Neither is it in line with what this court has said on the subject since the adoption of the amendment. In Lewis v. Curry, 74 Mo. 49, and State v. Shea, 95 Mo. 85, both decided since the amendment, we held that one circuit judge had no authority to call in the judge of another circuit to determine a particular cause. The opinion in the Shea case, after quoting approvingly from Gale v. Michie which construed the Constitution of 1865, expressly called attention to the change made in the constitutional provision in 1875, and to the statutes pursuant thereto, both providing that one circuit judge may call in the judge of another circuit to hold a term of court or *part of a term,* when from any cause he (the regular judge) is unable to hold same. After calling particular attention to these constitutional and statutory provisions, the opinion concludes that subject by holding that the judge of one circuit has no authority to call in the judge of another circuit to determine a particular cause.

Respondent relies upon State ex rel. v. Fort, 178 Mo. 518, 77 S. W. 741, and Field v. Mark, 125 Mo. 502, 28 S. W. 1004, in support of the contention that constitutional authority to a judge of one circuit to call in the judge of another circuit to hold part of a term of court, authorizes the calling in of a judge to try a particular case. The facts are the authority of one judge to call in the judge of another circuit to try a particular case was not an issue in either of

1078

the cited cases. The facts in the Fort case show that Fort was judge of the Circuit Court of Butler County. There was a disbarment proceeding pending before him in that court. On February 13, 1901, he entered of record his disqualification in said cause and called in Judge Fox, judge of another circuit to try said cause. At the next succeeding term of said court, Judge Fort changed his mind, attempted to set aside the order made at a former term in which he disqualified himself and called Judge Fox, and to try the case himself. Relator sought prohibition, not against Judge Fox who was called in, but against Judge Fort himself on the ground that when he entered his disqualification in the cause on February 13, 1901, and that order became final with the ending of that term, he lost jurisdiction of the cause and had no authority at a subsequent term to set aside the disqualification order and assume jurisdiction of the cause. In other words, the question at issue was not whether Judge Fort had authority to call in another judge to try said cause, but whether or not he himself could assume jurisdiction of the cause at a subsequent term after having disqualified himself by order entered of record at a former term.

Field v. Mark, above cited, originated in the Circuit Court of Lafayette County. Judge Field, the regular judge of that court, was plaintiff in the case and therefore incompetent to sit. The record shows that the parties selected Judge Sloan, Judge of the Seventh Judicial Circuit, to try said cause. The statute in force at that time provided that where the judge was interested the parties might agree on a special judge for the trial of the case. [Sec. 2259, R. S. 1889.] It thus appears that Judge Field did not call in Judge Sloan, but the parties to the suit selected Judge Sloan to try the case, which, under the statute, they had a legal right to do. As Judge Field did not attempt to call in another judge to try the case, whether or not he had authority to do so was not an issue in the case. It is true that in course of the opinion in both the Fort and Field cases, it is said that where a judge is disqualified in a cause pending in his court, he is authorized to call in the judge of another circuit to try said cause, but that question was not in either case and neither case was determined on that issue. It necessarily follows that what these cases say on that subject is *obiter dicta* and therefore not an authoritative determination of the question. It has been said that: "It is a maxim not to be disregarded, that general expressions in every opinion are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit where the very point is presented for decision." *Obiter dicta* statements when supported by logic are persuasive, but they are not precedents. According to my view the *obiter dicta* statement of the

court in the Fort and Field cases to the effect that the judge of one circuit may call in the judge of another circuit to try a particular case, is unsound, therefore not persuasive and should not be followed.

The divisional opinion holds, and I think correctly so, that when a judge is called into another circuit to hold part of a term of court, he is not a special judge in any particular case, but is the acting judge of the court for holding the part of the term he was requested to hold. If a judge, when so called becomes the acting judge of the court, it must follow that he has jurisdiction and authority to try any case pending on the docket of that part of the term or transact any business connected with the court whether relating to pending cases or to new business arising during his encumbency as acting judge of the court. The words "term of court" or "part of term" do not have reference to the trial of any particular case or cases, but signify the space of time when the court holds a session. [7 Words and Phrases (3 Ser.) p. 436.] If the divisional opinion is correct, and I think it is, in holding that the calling of a judge to hold a part of a term of court, constitutes such judge, *the acting judge of the court,* any call which would not constitute such judge *the acting judge of the court* would not be a call to hold a part of a term of court When Judge Higbee was called to try the specific case of Fleming v. Dunlap, such call, if authorized, would not constitute him the *acting judge of the court* for all purposes, but would limit his jurisdiction to the specific case which he was called to try. The same thing may be said of the first call made by Judge Knight because the order made at that time called Judge Higbee to try particular cases in which Judge Knight was disqualified.

For the reasons stated, the constitutional provision authorizing the judge of one circuit to call in the judge of another circuit to hold part of a term of court, does not authorize the calling in of a judge to try a particular case. As there is no other constitutional or statutory provision authorizing such action, I concur in the principal opinion which makes the provisional rule absolute. *Atwood, C. J., White, Gantt, Henwood* and *Ellison, JJ.,* concur.

WHITE, J. (concurring)—I concur in the reasoning and in the result reached in the majority opinion, and in the concurring opinion of Judge FRANK.

I find additional reason for the concurrence in the language of Section 29, Article VI, of the Constitution, as follows:

"Sec. 29. *Vacancy in office, disability—another circuit judge may preside,* etc.— If there be a vacancy in the office of judge of any circuit, or if the judge be sick, absent, or from any cause unable to hold any term or part of term of court, in any county in his circuit, such term or part of term of court may be held by a judge of any

other circuit; and at the request of the judge of any circuit, any term of court or part of term in his circuit may be held by the judge of any other ·circuit, and in all such cases, or in any case where the judge cannot preside, the General Assembly shall make such additional provision for holding court as may be found necessary.''

It was never contemplated and that section of the Constitution does not warrant the inference that a judge who is disqualified to sit in a case because of having been of counsel in it, or a party to it, or for any other reason, should have the ·right to select the judge who should try the case. His disqualification to hear the case is a disqualification to select a judge who may hear it.

Under that section of the Constitution a· judge of any circuit may bring in another judge to try a part of a term if he ''be sick, absent, or for any cause unable to hold any term or part of a term, he may call in another judge.'' ·It is said that ''unable'' is not *e jusdem generis* with sick or· absent, but may include a disqualification. That may be correct, yet the Constitution-makers evidently intended to attach a different meaning to the two expressions: ''unable to hold court,'' and ''*in any case where the judge cannot preside.*'' The· difference is between inability to ''*hold court*'' at all and a ''*case*'' where the judge cannot preside, though he might be able to hold court.

The definition of ''unable'' in Webster's Unabridged Dictionary is ''incapable.'' · The word ''able'' in the same dictionary is given several meanings. The first two are obsolete; the third, is ''having physical capacity;'' the fourth, is having intellectual capacity or qualification; the fifth and last, having legal qualifications. The word ''unable'' may negative one or more of those qualifications, depending upon the context. As used in the first part of that section, it means incapable and not disqualified. A judge may be able to try a case, possess all the physical and intellectual capacities to do the job, and be disqualified by reason of interest in the case. One may be perfectly able to run a foot race, but barred from the competition because he is ineligible, and for that reason cannot run the race. It was held in Mahaffey v. Territory (Okla.), 66 Pac. 342, 1. c. 345, that the provision relating to a county attorney being ''unable to attend to his duties,'' meant physical or mental incapacity; not incompetence, nor inexperience. A man may be perfectly able to pay a judgment against him, but cannot pay it because· restrained by an injunction. Note the contrast in the terms: ''If the judge ·. . . for any cause be unable to *hold any term* or part of a term *of court.*'' That applies to every case on the docket. He may call in another judge by whom *the term* ''*may be held.*'' But in order to provide for disqualification it is said ''in *any case* where the *judge cannot preside*'' the Legislature may make provision, which it has done by providing

for an agreement upon a special judge or an election. To emphasize the difference the latter part of the section provides for legislative action in both contingencies. "In all such cases" (cases of disability) "or in any case where the judge cannot preside" (meaning of course something different from all such cases of disability), the General Assembly may make additional provision.

Therefore I think the conclusion in the majority opinion is correct. *Atwood, C. J., Gantt, Frank, Ellison* and *Henwood, JJ.,* concur in the above.