THE STATE v. WOOLAVER, *Appellant.*

**Carnal Knowledge of Infant Female by her Protector: IN-STRUCTIONS.** There can be no conviction under the statute against carnal knowledge by a man of a female under the age of eighteen years confided to his care and protection, if the act was accomplished by force ; and an instruction which loses sight of this distinction is erroneous, but if there is no evidence of force in the case, the error is harmless and will be no ground for reversal.

| 77 | 103 |
|----|-----|
| 100 | 550 |
| 77 | 103 |
| 106 | 7 |
| 77 | 103 |
| 131 | 525 |
| 77 | 103 |
| 133 | 458 |
| 77 | 103 |
| o168 | 201 |
| j168 | 220 |

*Appeal from Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

AFFIRMED.

The prosecuting witness, who was defendant's step-daughter, testified that defendant had had connection with her twice, the first time when she was between thirteen and fourteen years of age, the second time a year later; and that on the first occasion she resisted but defendant forced her.   According to her statement, the act was committed the first time about daylight in the morning in defendant's house, a house consisting of a single room fourteen feet square, in which were two beds, one occupied by defendant's wife and two children, the other by the witness and her two sisters.   On the other occasion it was committed in the day time in a corn pen, witness' sister being at work just outside the pen, and her mother in the house thirty feet away.   Witness did not claim to have made any outcry on either occasion.

*Phelps & Brown* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

SHERWOOD, J.—The defendant was indicted under section 1260, Revised Statutes, for defiling a female under the age of eighteen years, his step-daughter, entrusted to his care and protection.   On the trial he was convicted and the only question necessary to be considered is whether the instruction which told the jury to find the defendant guilty, if he had carnal knowledge of the girl either with or without force, is, in the circumstances of this case, such error as should cause the reversal of the judgment.   The instruction was doubtless erroneous.   *State v. Ellis*, 74 Mo. 385.   But it could not have operated to the prejudice of the defendant; for the evidence in the case; the physical

facts testified to by the girl herself, show beyond doubt or peradventure, that the crime of rape never was committed upon her by defendant. Therefore judgment affirmed. All concur.