# CASES DETERMINED

### BY THE

# SUPREME COURT

### OF THE

# STATE OF MISSOURI,

### AT THE

### APRIL TERM, 1891.

### (*Continued from Vol. 105.*)

---

## THE STATE v. STONE, *Appellant.*

---

### DIVISION TWO.

---

| 106 | 1 |
| 111 | 114 |
| 106 | 1 |
| 115 | 493 |
| 106 | 1 |
| 128 | 539 |
| 106 | 1 |
| 131 | 338 |

1. **Criminal Practice:** CHANGE OF VENUE: RECOGNIZANCE. A recognizance of defendant to appear at the county to which a change of venue was granted *held* to have been properly taken by the sheriff of the county in which the indictment was found.

2. **Criminal Law:** TAKING FEMALE UNDER EIGHTEEN YEARS FOR PURPOSES OF CONCUBINAGE: EVIDENCE. On the trial of an indictment under Revised Statutes, 1879, section 1257, for the taking away of a female under eighteen years of age for the purpose of concubinage, it is competent for her mother to testify that such female was taken without the mother's consent, and as to her efforts to find her.

3. ——— : ——— : ———. It is not necessary to a conviction in such case that the testimony of the female be supported by other evidence.

4. ——— : ——— : CONSENT. Nor does the consent of the female constitute a defense in such case.

1 )

5.  ———: ———: RAPE   The objection that the conviction was
erroneous because there was some evidence tending to show that
the defendant was guilty of rape *held* not well taken.  (*Following*
*State v. Strattman*, 100 Mo. 540.)

*Appeal from   Cooper   Circuit   Court.* — HON.  E.  L.
EDWARDS, Judge.

AFFIRMED.

*Moore & Williams* and *Draffen & Williams* for
appellant.

( 1 )   The Cooper circuit court had  no  jurisdiction
to try the cause.   Section 1866, Revised Statutes, 1879,
is specific and  peremptory.   Defendant did not waive
any legal requirement by appearing.   In a charge of
felony, defendant cannot waive his legal rights against
a plain statute.   Consent did not confer jurisdiction.
*Ewing v. Brooks*, 69 Mo. 49.   The order of removal
could not be effectual, the defendant not then being in
confinement or no recognizance taken.   It follows that
the circuit court of Moniteau county still retained juris-
diction.   ( 2 )   The illegal and hearsay evidence of Mrs.
Wood, the mother of the prosecuting witness, that of
W. J. Fulks, sheriff of Moniteau county, and of I. T.
Henderson, city marshal, were . calculated to prejudice
the jury.   Defendant had a right to a fair and impar-
tial trial upon legal evidence.   ( 3 )   The defendant was
convicted upon the evidence of the prosecuting witness
alone; there was  no  corroborative evidence as to the
material facts which tended to show the commission of
an offense.   The offense charged is analogous to that of
seduction, and a conviction should not be upheld on the
evidence of the woman alone.   The court should have
given the fifth instruction asked by defendant.   *People*
*v. Plath*, 1 Cent. Rep. 772.   ( 4 )   The first two instruc-
tions for the state ought not to have been given.   The
first does not give all the elements of the offense of con-
cubinage; it omits the important element of the cus-
tody of the prosecuting witness.   There is no evidence

to support the second instruction ; all the evidence as to the sexual intercourse tends to show that the prosecuting witness did not consent or agree thereto, but that she was forced at the point of a loaded pistol. *State v. Foley*, 12 Mo. App. 431. See authorities below. (5) The last point we make is, we think, decisive, and must result in a reversal of the case. There is absolutely no evidence to support the verdict ; the evidence if it tends to prove anything tends to prove the crime of rape, and that crime does not include the one charged against the defendant. It follows that the court erred in refusing the seventh instruction asked by the defendant. *People v. Defose*, 7 W. Rep. (Mich.) 887 ; 2 Whart. Crim. Law [6 Ed.] secs. 1756–1765 ; *State v. Lewis*, 48 Iowa, 578 ; *Cloughan v. State*, 22 Wis. 444 ; *People v. Royal*, 53 Cal. 62 ; *State v. Ellis*, 74 Mo. 385. The question of forcible connection or rape should at any rate have been submitted to the jury under the seventh instruction offered by defendant. *State v. Strattman*, 100 Mo. 540.

*John M. Wood,* Attorney General, for the State.

(1) The indictment charges the offense in the language of the statute, and is sufficient. R. S. 1879, sec. 1257 ; Kelley, Crim. Law, sec. 515. (2) The testimony of Mrs. Edmunson as to informing the marshal of the town as to the absence of her daughter, and requesting him to assist in hunting for her, was competent, as tending to prove two essential elements in the charge, one that the girl was taken away ; the other, that it was without the consent of her mother. *State v. Holme*, 54 Mo. 160 ; *State v. Grate*, 68 Mo. 22. (3) The law, as declared in the instructions given by the court on the part of the state, has been sanctioned by this court. *State v. Feasel*, 74 Mo. 524 ; *State v. Round*, 82 Mo. 679. See also Kelley's Crim. Law, secs. 515–519. (4) The statute nowhere requires that the testimony of the girl who was abducted should be corroborated, or

that the offense should be proved by evidence independent of her testimony. (5) The seventh instruction asked for by defendant was properly refused. The offense consists in taking the girl away for the purpose of prostitution or concubinage, and, if she is induced to submit to sexual intercourse by means of threats instead of mere persuasion, I am unable to see how this could alter or affect his intention or purpose in taking her away. However, this appears to be another case where "actions speak louder than words," and under the authority of *State v. Strattman*, 100 Mo. 540, no error was committed in refusing this instruction.

GANTT, P. J.—The defendant was indicted in the Moniteau circuit court on the sixth day of September, 1888, for taking one Rebecca Wood, a female under eighteen years of age, from her mother for the purpose of concubinage. He was arrested and duly arraigned on October 1, 1888, and plea of "not guilty" entered. Bail fixed by the court at $500. The cause was continued to the March term, 1889, of the Moniteau court. At the March term, 1889, defendant made his application for a change of venue, based on the ground that the minds of the inhabitants of Moniteau county were so prejudiced against him that he could not have a fair and impartial trial in said county. The court sustained his application and awarded the change of venue to Cooper county.

No recognizance was taken by the court at the time in open court. Subsequent to the order for the change of venue, however, the sheriff of Moniteau county took and approved a recognizance bond from defendant for his appearance in the Cooper circuit court on the second Monday in July, 1889, to answer the indictment preferred against him by the grand jurors of Moniteau county. This recognizance was filed in the clerk's office in Cooper county with the order of removal to that county. At the July term, 1889, of the

Cooper court, defendant appeared, and was tried and convicted and sentenced to two years in the penitentiary. In due time he filed his motion for a new trial, which being overruled, he filed his motion in arrest of judgment. The motion in arrest assigned as reasons for arresting the judgment that the Cooper circuit court had no jurisdiction of the cause, and because the order transferring the cause from Moniteau to Cooper county was invalid, and of no effect. The court overruled this motion in arrest, and defendant appeals to this court.

Both in the brief and oral argument in this court, the point most relied upon is the want of jurisdiction in the circuit court of Cooper county. Section 1866, Revised Statutes, 1879, is as follows: "Order for removal void, unless bail given." "No order for the removal of a cause *shall be effectual* in the case of any defendant not in confinement or custody, unless a recognizance, taken as herein directed, be entered into in open court, or delivered with the order and filed with the clerk of the court, nor unless such order be delivered before any juror is sworn in the cause; and in no case shall a second removal for any cause be allowed."

Section 1829 provides: "When the defendant is in custody or under arrest for a bailable offense, the court in which the indictment or information is pending may let him to bail and take his recognizance."

"Sec. 1830. If the defendant is not arrested or in custody during the term at which an indictment for felony is returned, the court must fix the amount of bail required of the defendant, and the clerk must indorse the amount on the warrant; but, if no order fixing the amount of bail has been made, the sheriff may present the warrant to the judge of the court, and such judge may thereupon indorse the amount of bail required; and, if the judge is not in the county, the clerk may fix the amount of bail.

"Sec. 1831.   All recognizances taken in a court of record in term shall be entered of record, and all recognizances, required or authorized to be taken in vacation in any criminal case or proceeding of a criminal nature, shall be in writing, and signed by the parties to be bound thereby.

"Sec. 1832.   When any sheriff or other officer shall arrest a party by virtue of a warrant upon an indictment, or shall have a person in custody under a warrant of commitment on account of failing to find bail, and the amount of bail required is specified on the warrant, or if the case is a misdemeanor, such officer may take bail, which in no case shall be less than $100, and discharge the person so held from actual custody."

I.   From the foregoing sections it is clearly the duty of the court in all bailable cases to fix the amount of bail.   This, the circuit court of Moniteau county did in this case at $500.   The warrant is not copied into the record, but it sufficiently appears that the defendant was in the custody of the court when he was arraigned and entered his plea of not guilty.

Indulging the presumption that the court and the sheriff performed their duty, it is fair to presume in the absence of all evidence that defendant had been previously bailed, that he was at the time of the change of venue still in the custody of the sheriff for failing to find bail.   As the amount had been fixed at $500 by the court, and it was the duty of the clerk to indorse it on the warrant, and when so indorsed the sheriff was authorized to take the bail, it is very plain that the sheriff took the recognizance by authority.

The language of section 1865 is that "such recognizance may be taken by the court, or judge making the order, or by any court or *officer authorized* by law to let to bail after indictment, and when taken out of court shall be filed with the clerk."   It will be observed also that section 1866 provides for the *delivery* of the recognizance with the order of removal.   This evidently refers to that class of recognizances taken out of court.

In this case, the record shows that the bond of defendant for his appearance in the Cooper circuit court was *filed with the order of removal.* We are, therefore, of opinion that there was a compliance with the statute in regard to the requiring and taking the recognizance, and that the circuit court of Cooper county acquired jurisdiction of the subject-matter and over the person of defendant. The recognizance had been taken *as directed* by the statute.

II. There was no error in permitting the mother to testify that the daughter was taken without her consent and to relate her efforts to find her. It in no way prejudiced the defendant.

III. The defendant, in his fifth instruction, asked the court to instruct the jury that he could not be convicted upon the testimony of the prosecutrix alone, and unsupported by other evidence. He relies upon the case of *People v. Plath,* 1 Cent. Rep. 772. The conviction in that case was under the penal code of New York, 1881, section 283. That section provides, "No conviction can be had for abduction, compulsory marriage or defilement upon the testimony of the female abducted, compelled or defiled unsupported by other evidence." Our statute, section 3484, Revised Statutes, 1889, or section 1257, Revised Statutes, 1879, does not require any such corroboration or support. The instruction was properly refused.

IV. There was no error in giving instructions 1 and 2. They correctly defined the law and punishment, and informed the jury that the consent of Rebecca Wood to the intercourse would not exculpate defendant.

Defendant finally insists that he ought not to be convicted of this offense, because there is some evidence that he threatened the girl. In this respect the case is very similar to *State v. Strattman,* 100 Mo. 540, and *State v. Woolaver,* 77 Mo. 103.

The facts all show an absence of those elements that are essential to establish rape.

We see no ground for believing that any jury would convict defendant of that offense. He has been convicted of the offense he committed. The judgment will be affirmed. All concur.