THE STATE *ex rel.* COTTRELL v. WOFFORD, *Judge.*

Division Two, January 16, 1894.

1. **Criminal Practice:** CHANGE OF VENUE. The right to a change of venue is purely statutory and has no existence outside of the special grant of power awarding it.

2. ————: ————. A defendant applying for a change of venue because of the prejudice of the inhabitants of the county can not include in his affidavit the prejudice of the inhabitants of counties outside of the circuit wherein the cause is pending.

*Mandamus.*

WRIT DENIED.

*H. S. Lyman* for relator.

SHERWOOD, J.—The relator was indicted at the September, term, 1893, of the Jackson criminal court

for the crime of forgery. He was arraigned at that term and pleaded not guilty, and the cause, owing to lack of time to try it, was continued to the January term, 1894, when relator presented his application for a change of venue based on the alleged prejudice of the inhabitants of Jackson county against him, so that, etc. In his application he also alleged that the minds of the inhabitants of the counties of Platte, Clay, Clinton, Ray, Buchanan, Lafayette, Saline, Johnson, Cass, Bates, Henry, Pettis and Carroll, were also so prejudiced against him that, etc. On the hearing of the application, the judge of the criminal court granted the change of venue, but refused to order the cause to be transferred to some other county than the *thirteen* counties mentioned in the application; on the contrary, he declared his intention of sending the cause to one of the counties mentioned in the application, to-wit, the county of Clay. Thereupon relator comes before this court and seeks to compel the judge of the criminal court to award a change of venue to some other county than those mentioned in his application.

The statutory provisions on this subject, so far as necessary to quote them, are as follow: "Whenever it shall appear, in the manner hereinafter provided, that the inhabitants of the *entire circuit* are so prejudiced against the defendant that a fair trial cannot be had therein, the cause shall, by order of the court or judge thereof, be removed to another circuit, in which such prejudice is not alleged to exist." Sec. 4154, R. S. 1889.

It will be noticed that the section quoted only authorizes a change of venue to be awarded "when the inhabitants of the *entire circuit* are so prejudiced," etc. But it confers no authority whatever to award a change of venue when the inhabitants of *other circuits* are charged with prejudice.

The right to a change of venue is purely statutory, and has no existence outside of the special grant of power to award it. The words "in which such prejudice is not alleged to exist," cannot be held to have the effect to allow a change of venue to go where none theretofore was granted in the same section.

In this case the very modest application of relator embraces all the counties in the fifth, sixth, seventh, twelfth and twenty-fourth circuits; one-third of the counties in the seventeenth and two-thirds of those in the twenty-second circuit. If such an application is legal, it is easy to see that a party accused, in order to prevent a trial from ever being had in his cause, would only have to swear against *every circuit in the state*, and then go scot-free!

The statute is too plain to admit of any such construction; a construction which, if admitted, would overthrow and bring to naught the whole criminal law. We therefore deny the alternative writ. All concur.