IsAAC HOCKADAY, Administrator of the Estate of P. A. SPEARS, Deceased, Respondent, v. JOHN W. STURGEON *et al.*, Appellants.

**St. Louis Court of Appeals, February 4, 1896.**

Practice, Trial: CHANGE OF VENUE: NUMBER OF CHANGES. The statutory provision, that in no case shall more than one change of venue be granted to either party, is peremptory and must be obeyed.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Robert Shackelford* and *W. W. Fry* for appellants.

*Ball & Ball* for respondent.

BIGGS, J.—This is an action on a note. There was a judgment for the plaintiff, from which the

Hockaday v. Sturgeon.

defendants have appealed. They complain in this court of the refusal of the circuit court to grant them a change of venue, and that the judgment is excessive.

The action was begun in the circuit court of Montgomery county. On the application of the defendants, and for the alleged reason that plaintiff had an undue influence over the inhabitants of that county, the venue of the cause was changed to the circuit court of Audrain county. At the June term, 1895, of the latter court, a second application for change of venue was made by the defendants, in which it was claimed that the plaintiff had an undue influence over the inhabitants of the judicial circuit wherein the suit was pending. This application was overruled, and it is of this that the defendants complain.

The ruling of the court was right, for the statute expressly provides that "in no case shall more than one change of venue be granted either party." Revised Statutes of 1889, section 2258. The statute is plain and peremptory, and must be obeyed. It must be remembered that the right to a change of venue is purely of statutory regulation. *State ex rel. v. Wofford*, 119 Mo. 408.

The note is what is termed a compound interest note. It was for $800, and was dated on the twenty-second day of April, 1893, bearing interest from date at the rate of eight per cent per annum. The case was tried on the eighteenth day of June, 1895, and the verdict was for $943.80. It is claimed that this finding exceeded the amount due. According to our computation there was due on the note at that time the sum of $944.10.

The judgment will be affirmed. All the judges concur.