State v. Gillham.

THE STATE v. GILLHAM, Appellant.

Division Two, May 19, 1903.

1. **Calling in Special Judge:** WITHOUT AGREEMENT OF ATTORNEYS: WAIVER. A judge who has disqualified himself to try a case and entered such disqualification of record, still has authority to call in a regular judge from some other circuit to try it. And this called-in judge will have authority to proceed in the case, although the record does not show that any attempt was made by the prosecuting attorney and defendant's counsel to agree upon some member of the bar as special judge to try the case. The statute confers on them the right to agree upon some attorney, but it is not mandatory, and if the record does not show to the contrary it will be held that they waived the privilege.

2. ———: DISQUALIFICATION: POWER TO CALL IN ANOTHER JUDGE. Where the regular judge is disqualified to try the cause, and' calls in the regular judge of another circuit to try it, and that judge is disqualified, he can not call in the regular judge of some other circuit, but the power to do that is lodged by the statute in the regular judge of the court.

3. ———: POWER WHERE VESTED. The authority to make the request of the judge of some other circuit to try a case is vested in the judge of the court in which the defendant's case is pending, and not in the court, and he can make the request in chambers as judge, or even in vacation of court.

Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED.

*Thomas J. Rowe* and *Paxon & Clark* for appellant.

Judge McElhinney had no jurisdiction to try this cause, and any judgment entered under his supervision has no more validity than one rendered in a moot court of any law school. Sec. 2597, R. S. 1899; State v. Shipman, 93 Mo. 157; State v. Bulling, 105 Mo. 204; Ex parte Bedard, 106 Mo. 616; State v. Silva, 130 Mo. 457; State v. Hudspeth, 159 Mo. 210; State ex rel. v. Flournoy, 160 Mo. 332; State v. Goddard, 162 Mo. 221; State v. Downs, 164 Mo. 471; Cunningham v. Railroad, 165 Mo. 270; State ex rel. v. Perkins, 139 Mo. 106; State ex inf. v. Lund, 167 Mo. 228.

*Edward C. Crow*, Attorney-General, for the State.

FOX, J.—This cause originated in the St. Louis Court of Criminal Correction. The defendant was convicted and from the judgment of conviction he appealed to the St. Louis Court of Appeals. At the October term, 1902, of the Court of Appeals, the judgment of the trial court was affirmed. One of the judges of the court dissented from the opinion affirming the judgment, for the reason, as disclosed by the record, that the conclusion reached by the majority of the court was in conflict with the decisions of the Supreme Court in State v. Silva, 130 Mo. 440, and State v. Hudspeth, 159 Mo. 178; hence, this cause was certified to this court. We will, for the purpose of disposing of the controverted questions involved in this case, adopt the statement made by the St. Louis Court of Appeals.

"On December 5, 1900, an information was filed against the appellant in the St. Louis Court of Criminal Correction charging him with a criminal offense. Sub-

sequently an amended information was filed.   On the said fifth day of December, the date of the filing of the first information, Honorable Willis H. Clark, the regular judge of said court, voluntarily disqualified himself to try the cause against the appellant and called in Judge E. M. Hughes of the Eleventh judicial circuit to try it.   As Judge Hughes failed and refused to sit, Judge Clark called in Judge Neville of the Twenty-third judicial circuit, the appellant objecting and excepting to that order.   Afterwards on February 28, 1901, affidavits were filed by the appellant disqualifying Judge Neville; whereupon on the same day that judge made an order calling in Hon. J. W. McElhinney of the Thirteenth judicial circuit to sit in the case, to which order the appellant at the time objected and excepted.   The cause was tried before Judge McElhinney, the defendant found guilty and his punishment assessed at $200, from which judgment he appealed.''

Appellant insists, first, that Judge Clark, after he had, by proper entry of record, disqualified himself from presiding in the trial of said cause, had no authority to invite Judge Neville to try said cause.   This contention is urged on the theory that there must first be an election held, and a refusal of the special judge to act, in order to confer power upon the regular judge to invite the judge of another circuit to preside in the trial of the cause.

There is no merit in this contention, even under sections 4174 to 4178, Revised Statutes 1889, where full provisions were made for the election of a special judge. This court in the trial of State v. Newsum, 129 Mo. l. c. 159, very clearly announced the rule as applicable to those sections then in force.   It said:   ''Nor is it necessary that the reason for requesting the services of the judge of another circuit, be shown by the record or otherwise, as the presumption will be indulged that the

request was in obedience to the statute authorizing him to do so.''

The law as applicable to the election of special judges, of 1889, was materially amended in 1895, and under section 2595, Revised Statutes 1899, as amended, it is apparent that the contention of appellant, in this respect, can not be maintained. Section 2595, which was in force at the time of this trial, provides:

''Whenever, in any criminal cause, the defendant shall make application under oath, and supported by the affidavit of two or more reputable persons, not of kin or counsel for the defendant, to the truth of the allegations in such application for a change of venue, for any of the reasons stated in the next preceding section, it shall be lawful for the judge to hear and determine such application; or whenever it shall be within the knowledge of the court or judge that any of the causes enumerated which disqualify him in any case exist, the defendant and prosecuting attorney may by agreement in writing, with the concurrence and approval of the court, elect some attorney at law, who possesses all the qualifications of a judge of the circuit court, as special judge in said cause: provided, nothing in this act shall be so construed as to authorize the selection of any attorney as special judge who is near of kin to the defendant or judge of such court by blood or marriage, or when the offense is alleged to have been committed against the person or property of said attorney, or some person near of kin to him, or when said attorney is in anywise interested or prejudiced, or shall have been of counsel in the case.''

It will be observed that this section, while it uses the term *election of a special judge,* yet the terms of the section do not constitute an election. It merely confers upon the defendant and prosecuting attorney, with the approval of the judge, the right to agree upon some one to try the case. This was a right that they could exercise or fail to exercise. The statute is not mandatory;

they could not be compelled to avail themselves of this privilege. In the case of State v. Wear, 145 Mo. 162, BURGESS, J., discussing section 4177, Revised Statutes 1889, very similar to this section now under discussion, said: "The defendant and prosecuting attorney could avail themselves of it or not, just as they saw proper, and as the record does not show to the contrary, the presumption will be indulged that it was their own fault that they did not do so, and that they in fact waived the privilege."

With these views, we are clearly of the opinion that Judge Clark had the authority to invite Judge Neville to try said cause.

This brings us to the last and most vital question in this case. The record in this cause discloses that Judge Neville responded to the request to try this cause; but it further appears that defendant, by application in due form, disqualified him from presiding in the trial of the case. Whereupon, on the same day, Judge Neville made an order calling in Judge McElhinney, judge of the Thirteenth circuit, to try said cause. To the making of this order, objections and exceptions were duly preserved. It is earnestly urged that Judge Neville had no power or authority to make the order requesting Judge McElhinney to try this case. This is the question that confronts us and it is important, for it is the first time that this precise question has been presented to this court for review.

Under the law, courts of general jurisdiction have certain inherent powers, but this particular power to request the judge of another circuit to try a case, does not fall within the inherent power vested either in the court or the judge. This authority must depend for its support absolutely upon *the provisions of our statute.* The authority for the exercise of the power to request the judge of some other circuit to try the cause is contained in section 2597, Revised Statutes 1899, which provides, so far as pertinent to the question involved:

"If, in any case, the judge shall be incompetent to sit for any of the causes mentioned in section 2594, and no person to try the case will serve when elected as such special judge, the judge of said court shall, in either case, set the cause down for trial on some day of the term, or on some day as early as practicable in vacation, and notify and request the judge of some other circuit to try the cause; and it shall be the duty of the judge so requested to appear and hold the court at the time appointed for the trial of said cause; and he shall, during the trial of said cause, possess all the powers and perform all the duties of a circuit judge at a regular term of such court, and may adjourn the case from day to day, or to some other time, as the exigencies of the case may require, and may grant a change of venue in said cause to the circuit court of another county in the same circuit, or to another circuit; and whenever said cause shall be removed to the circuit court of another county in the same circuit, it shall be the duty of the judge so requested to appear and hold the court at the time set for the trial of said cause in the circuit court of the county to which said cause shall be removed: Provided, that if the person elected as such special judge shall refuse to serve, or if the judge so requested shall fail to appear and hold the court at the time appointed for the trial of said cause, the judge of said court shall reset said cause for trial, to suit the convenience of the judge so requested to try said cause, or may notify and request the judge of some other circuit to appear and try said cause, as heretofore provided."

It will be observed that this section confers this power upon the judge of the circuit, or the judge of the particular court, of which he is judge, and not upon the court, and the very terms of this section indicate clearly that this power is vested in the regular judge of the circuit or of the court, and not in the judge who may temporarily be exercising powers of the regular judge, in some particular case. The language of that section is,

"notify and request the judge of some other circuit to try the cause."

This statute clearly intended, to the end that judges of circuits or of courts might dispose of the cases pending before them, to confer the power upon the judges of these courts, to request a judge of another circuit to try such causes as are contemplated by law.

The rule as to where the power to request the judge of another circuit is vested, is clearly and forcibly announced in the case of State v. Newsum, 129 Mo. 154. BURGESS, J., speaking for the court, says:

"The statute does not require that the request by the judge of one circuit of the judge of another circuit court to hold a term of court, or part thereof, or to try any particular criminal case, shall be by an order of record, but it expressly provides that the *judge* may make such request, which evidently means that he may do so in his capacity as judge, and not necessarily while he is sitting as a court."

Judge Neville certainly could not have set the case down for hearing, adjourned the court, returned to his home, and made the request of Judge McElhinney to try said cause. If he could not do this, he is equally wanting in power to make the order in court.

The authority to make the request of a *judge of some other circuit* to try the case is vested in the judge and he can make this request in chambers as judge, and even in vacation of his court.

It is of common occurrence and in perfect accord with the statute, where the regular judge is disqualified, to set the case down for some particular time, adjourn court, return home in another county, not even intimating in court as to whom he will ask to try it, then by letter request the judge of another circuit to appear at a certain time to try the case, and the judge requested appears and presents his letter of request as authority for trying the case.

We are clearly of the opinion that the authority to request a judge of some other circuit to try a case, as contemplated by section 2597, supra, is vested alone in the regular judge of the circuit or of the court over which he presides, and that section gives no power or authority to a judge of another circuit requested to try a particular case, to exercise such right.

It may be urged that special judges have the same powers as the regular judge; that is true as to the trial of the case. It will be observed that the section of the statute conferring the authority to make the request expressly defines and, in our judgment, limits the powers of the requested judge. It provides that:

"He shall, during the trial of said cause, possess all the powers and perform all the duties of a circuit judge at a regular term of such court, and may adjourn the case from day to day, or to some other time, as the exigencies of the case may require, and may grant a change of venue in said cause to the circuit court of another county in the same circuit, or to another circuit; and whenever said cause shall be removed to the circuit court of another county in the same circuit, it shall be the duty of the judge so requested to appear and hold the court at the time set for trial of said cause in the circuit court of the county to which said cause shall be removed."

It will be noted from this language that his power is limited to the trial of that particular case. It, in express words, sets forth what he shall be authorized to do, preliminary to the final trial of the cause.

The lawmaking power never intended by this statute to confer authority upon a judge, who was simply requested to try a particular case, to provide some other judge to try it, in the event he was disqualified.

In State v. Silva, 130 Mo. 440, and State v. Hudspeth, 159 Mo. 178, while the records in those cases are not similar to the case at bar, and they can not be said to be on all-fours with this case, yet in the discus-

sion of those cases, principles were announced just as applicable to the case before us as those under discussion. In the Silva case, Judge Edmonds was the regular judge of the St. Louis Criminal Court. He was disqualified and in pursuance of the statute requested Judge Hirzel, of the Thirteenth circuit, to try the case. The requested judge appeared in response to the requst, and called the case for trial; but the cause was continued to a later date and was continued a second time. In the meantime, Judge Hirzel, by letter addressed to Judge Edmunds, refused to further act in said cause. Whereupon, Judge Edmunds requested Judge Shackleford, of the Fourteenth circuit, to appear and try said cause. It was insisted in that case that Judge Edmunds, the regular judge of that court, had no authority to request Judge Shackleford to dispose of said cause, after he had called in Judge Hirzel. The court, speaking through GANTT, J., said: "If they are correct we have this anomalous state of affairs: The judge of another circuit is requested to try a cause at a certain time. He arranges the docket of his own circuit in order to perform the duty required. He finds, however, upon his arrival at the court which he has been requested to hold that the cause must be continued to a time that will conflict with the docket in his own circuit and he thereupon declines further to act, and it results the prisoner can not be tried at all *because the law nowhere authorizes said judge to call in another judge.* Judge Hirzel had no authority to provide for the trial of the cause which he was specially requested to try but refused. The duty of providing for a judge to conduct that trial devolved upon the judge of the St. Louis Criminal Court, not upon the judge of the Thirteenth circuit. When Judge Hirzel refused to act further it was as if he had never consented to act or had resigned his office, or had died."

To the same effect is the Hudspeth case, where the rule as announced in the Silva case is fully approved.

The refusal of Judge Hirzel to act further in the Silva case and Judge Shackleford's resignation in the Hudspeth case, rendered them powerless to act. So the disqualification of Judge Neville in this case had the same effect and force as to his power to act, as the conditions which confronted the invited judges in the cases above mentioned.

When Judge Neville was disqualified, his authority to take any further steps in this case ceased, and the case stands in the St. Louis Court of Criminal Correction, as though he had never assumed to act at all, with the authority, where the statute places it, in the judge of that court, to request the judge of some other circuit to appear and try said cause.

It is unnecessary to discuss the remaining errors complained of by appellant.

With the views as herein expressed, the judgment will be reversed and cause remanded. All concur.