## THE STATE ex rel. CLAIBORNE v. WILDER, Auditor.

**In Banc, June 30, 1906.**

1. **SPECIAL JUDGE: St. Louis Court of Criminal Correction: Fee.** The statute which provides for the payment of a fee to a special judge in criminal courts applies also to special judges in the St. Louis Court of Criminal Correction. And where the regular judge of that court was disqualified, and the attorneys elected a special judge in the manner prescribed by statute, and he accepted, and sat in the case, the State Auditor should allow his bill for $10 per day for the time he was necessarily engaged in the trial.

2. ——: ——: ——: **Statutes.**    Section 4160, R. S. 1899, providing that "whenever the word 'county' is used in any law, general in its character to the whole State, the same shall be construed to include the city of St. Louis, unless such construction be inconsistent with the evident intent of such law or of some law specially applicable to such city," clearly means that the word "county," used in section 2597, the general statute in reference to the selection of a special judge when the regular judge is disqualified, includes the city of St. Louis.

3. ——: ——: **Criminal Court.**    The St. Louis Court of Criminal Correction is a criminal court.

Mandamus.

PEREMPTORY WRIT AWARDED.

*T. J. Rowe* and *Henry Rowe* for relator.

An examination of sections 2594 to 2597, as amended, will show that the issue of law herein is reduced to the single proposition: is the St. Louis Court of Criminal Correction a criminal court within the meaning of the statutes? Section 13, page 2544, volume 2, Revised Statutes 1899, of the act creating the St. Louis Court of Criminal Correction, wherein its jurisdiction is defined, is a full and complete answer to the question, and that answer is, that it is undoubtedly a criminal court. The court of criminal correction has all the marks and brands of a criminal court, and if it is not such, it has no generic class. Ex parte Bedard, 106 Mo. 627; State v. Gillham, 174 Mo. 671, 97 Mo. App. 296. From the creation of the court in 1869 to the present time, it has always, by both Bench and Bar, been classified as a criminal court.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for respondent.

(1) Sections 2594 to 2597, Revised Statutes 1899, which provide for the manner of disqualifying the regular judge, the election of a special judge and his compensation, have reference to circuit courts and criminal courts. In fact, the plain wording of said sections shows that it was the intention of the lawmakers that they should so apply; for no mention is made of the St. Louis Court of Criminal Correction. If it was intended that said court should be included, then the Legislature could easily have said so, and it is but reasonable to presume that such intention would have been plainly expressed. The St. Louis Court of Criminal

Correction is a special court, and one that exists only in said city; hence the general law, which applies to counties not having such a court, does not apply to said court. When all of said sections are considered it will readily be seen that they apply to circuit courts and criminal courts of the various counties of Missouri, but not to the court of criminal correction. By referring to the appendix to our statutes, the sections which establish this court and provide for the election of the judge thereof, and of the election of one to act in his place, clearly show that said court is not one of the criminal courts of Missouri, and the Legislature did not intend that it should be governed by the general law. 2 R. S. 1899, sec. 3, p. 2542. (2) But even if the Legislature intended that the general law should apply to the court of criminal correction, then relator is not entitled to recover in this action. Section 2597, as amended by the act of February 21, 1905, provides for an allowance of ten dollars per day, if the special judge reside outside of the county where the cause is tried. Laws 1905, p. 131.

BURGESS, J.—This is an original proceeding by mandamus to compel the respondent State Auditor to audit and allow the bill of James R. Claiborne for ten dollars for one day's services as special judge in the St. Louis Court of Criminal Correction on the 14th day of September, 1905, in the trial of the case of the State of Missouri v. J. W. Kelly, upon the charge of wife abandonment, then pending in said court.

Upon the filing of the petition for the writ of mandamus with the clerk of this court, there was duly issued by said clerk against the respondent a conditional writ, the only part of which necessary to reproduce in order to an understanding and determination of this case is as follows:

"Whereas, it has been represented to our Honorable Supreme Court, in Banc, by the said relator, James

R. Claiborne, that William W. Wilder is Auditor of the State of Missouri, and was such at all times hereinafter mentioned; that on the 14th day of September, 1905, in the case of the State of Missouri v. J. W. Kelly, then pending in the St. Louis Court of Criminal Correction, the Honorable Hiram N. Moore, who was the judge of the St. Louis Court of Criminal Correction, disqualified himself for cause; that afterwards, on the 14th day of September, 1905, in said case of the State of Missouri v. J. W. Kelly in the St. Louis Court of Criminal Correction, James R. Clairborne was duly elected and chosen by the attorneys representing the plaintiff and defendant in the cause to try the same, and that his election and selection was approved on said 14th day of September, 1905, by the Honorable Hiram N. Moore, judge of said St. Louis Court of Criminal Correction.

"Afterwards, to-wit, on said 14th day of September, 1905, James R. Claiborne appeared and accepted the appointment as special judge to try said cause of State of Missouri v. J. W. Kelly, then pending in the St. Louis Court of Criminal Correction, and the oath of office was duly administered to the said James R. Claiborne; and that thereafter, to-wit, on said September 14th, the said James R. Claiborne did, September 14, 1905, sit, as special judge, to try, hear and determine said cause of the State of Missouri v. J. W. Kelly, and did as such special judge try, hear and determine the same on September 14, 1905, and for said service he is entitled to a fee from the State of Missouri of ten dollars."

It is conceded that the services were rendered by the relator for which he claims compensation, and that the clerk of the said court of criminal correction did, in the usual form, forward to respondent a certificate to that effect.

Respondent demurred to said petition and writ upon the following grounds:

"1.   The petition and alternative writ do not state facts sufficient to constitute a cause of action.

"2.   The petition and alternative writ do not state facts sufficient to entitle relator to any relief from this court.

"3.   Upon the face of the alternative writ and petition the relator is not entitled to the relief asked, or to any relief."

There is but one question presented by the pleadings in this case, and that is whether the statute which provides for the payment of a fee to a special judge in criminal courts applies also to special judges in the St. Louis Court of Criminal Correction. The respondent's position is that it does not, while the relator's contention is that it does.

Section 2594, Revised Statutes 1899, provides when the judge of a criminal court shall be deemed incompetent to hear and try a cause. Section 2595 provides for the selection of a special judge when the regular judge, under section 2594, is incompetent to hear and try the cause. Section 2597 provides for the calling in of the judge of some other circuit to try the cause, when the person elected as special judge will not serve, and for the compensation of such judge; and said section also provides that, "Whenever the special judge elected to try a cause shall appear and hold the court for the trial thereof, he shall receive ten dollars per day for the time necessarily engaged in such trial, and five dollars per day while going to and returning from the place of trial, if he reside out of the county where said cause is tried, to be paid out of the state treasury, upon the certificate of the clerk of the court where said cause is tried."

If, then, the St. Louis Court of Criminal Correction is a criminal court within the meaning of the statutes, it would seem that the relator is entitled to a peremptory writ.

Section 13, page 2544, vol. 2, Revised Statutes 1899,

provides that, "Said court shall have exclusive original jurisdiction of all misdemeanors under the laws of the State committed in St. Louis city, the punishment whereof is by fine, or imprisonment in the county jail, or both, or by any forfeiture, except cases of assault and battery, and affray or riotous disturbance of the peace, which are cognizable by justices of the peace, and in relation to which the jurisdiction of said court shall be concurrent with them; and the said court shall have concurrent jurisdiction with the police court of the city of St. Louis of all offenses which may be declared to be misdemeanors under any law of the State, and which may also be in violation of any ordinance of the city of St. Louis."

The St. Louis Court of Criminal Correction has always been recognized as a criminal court by the Supreme Court. In Ex parte Bedard, 106 Mo. l. c. 627, it is said: "We all agree, however, that the court acts as a court in the disposition of misdemeanor cases upon information, and that sections 4174, 4175, 4176, 4177 and 4178, Revised Statutes 1889, govern it in such cases, when application is made for change of venue on account of the prejudice of the judge." To the same effect is State v. Gillham, 174 Mo. 671.

But respondent contends that sections 2594 to 2597, Revised Statutes 1899, which provide for the manner of disqualifying the regular judge, the election of a special judge, and his compensation, have reference to circuit and criminal courts only. This contention is predicated on the fact that no mention is made in those sections of the statute of the St. Louis Court of Criminal Correction. It is argued that if it was the intention that said court should be included, the Legislature could easily have said so, and that it is but reasonable to presume that such intention would have been plainly expressed; that the said St. Louis court is a special court and one that exists only in said city, and that the general law which applies to counties not having

such a court does not apply to said court; that when all of said sections are considered it will readily be seen that they apply to circuit courts of the various counties of the State, but not to the court of criminal correction.

The court of criminal correction was established in the county of St. Louis in 1866 (Laws 1865-6, p. 78), while the city of St. Louis was within the limits of said county. Section 13, article 18, page 2544, Revised Statutes 1899, provides that said court shall have exclusive original jurisdiction of all misdemeanors under the laws of the State committed in St. Louis city. Section 2 of the same article declares the court to be a court of record. We thus have a court of record, with exclusive original jurisdiction of all misdemeanors at the time of its establishment in the county of St. Louis, but now only in the city of St. Louis.

Section 37 of the same article provides that all provisions of the act concerning costs in criminal cases shall be held to apply to the St. Louis Court of Criminal Correction.

It is expressly provided by section 4, title "Schedule," of the Constitution of 1875 that, "All criminal courts organized and existing under the laws of this State, and not specially provided for in this Constitution, shall continue to exist until otherwise provided by law." At the time of the adoption of the present Constitution two criminal courts had been established in said county—the criminal court and the court of criminal correction. The latter court was established in the county before the adoption of the Scheme and Charter, and its jurisdiction was coextensive with the county.

Section 2723, Revised Statutes 1899, provides that, "The provisions of this code applicable to the circuit court and the judges thereof shall also be applicable to any other court of record exercising criminal jurisdiction, and the judges thereof, in all cases when no

other or different provision is made by law for the government and control of such courts or judges.''

Section 4 of the act establishing the said court of criminal correction provides that in the event of the sickness or absence of the judge of said court, the circuit court of St. Louis city, or any judge thereof in vacation, may appoint for the time being a provisional judge of said court. No provision, however, is made in the act for a special judge when the regular judge is disqualified to sit in the trial of a case.

Section 4160, Revised Statutes 1899, provides that, ''Whenever the word 'county' is used in any law, general in its character to the whole State, the same shall be construed to include the city of St. Louis, unless such construction be inconsistent with the evident intent of such law, or of some law specially applicable to such city.'' This statute clearly answers the contention of respondent that the word ''county'' in section 2597, supra, as amended by the act of February 21, 1905, shows that the law in relation to the election and compensation of special judges applies to circuit and criminal courts as they exist in the various counties of the State, and not to the court of criminal correction, and said statute shows, beyond question, that the law applies to the circuit and criminal courts of the city of St. Louis equally with those that exist in the various counties of the State.

There is nothing in this construction inconsistent with the evident intent of section 4160, or with any other law applicable to said city. Upon the contrary, it is in perfect harmony therewith. The statutes referred to, being *in pari materia,* should be construed as one law, and when this is done, it is clear that it was the intention of the Legislature to invest all circuit and criminal courts of the State with the same powers and authority in regard to the selection and election of special judges, and this, we think, has heretofore been so understood by both Bench and Bar.

In conclusion, we have no hesitancy in saying that it is our opinion that the St. Louis Court of Criminal Correction is a criminal court, and that the relator is entitled to the compensation claimed by him for his services as special judge of that court. The demurrer to the conditional writ should be overruled, and a peremptory writ of mandamus awarded. It is so ordered. All concur, except *Gantt, J.,* absent.